[PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

No. 19-14321

_____

D.C. Docket No. 1:17-cv-00312-JB-B

In re: CHARLES K. BRELAND, JR.,

                                                                                                                                      Debtor.

_____

CHARLES K. BRELAND, JR.,

                                                                                          Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,
LEVADA EF FIVE, LLC,
A. RICHARD MAPLES, JR.,
UNITED STATES BANKRUPTCY ADMINISTRATOR,

                                                                        Defendants - Appellees,

EQUITY TRUST COMPANY, LLC,
HUDGENS & ASSOCIATES LLC,

                                                             Interested Party-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 10, 2021)

Before WILSON, NEWSOM and ED CARNES, Circuit Judges.

NEWSOM, Circuit Judge:

What began as a case about the meaning and application of the seldom-litigated Thirteenth Amendment—which, as relevant here, prohibits "slavery [and] involuntary servitude"—presents itself to us as one about the relatively ho-hum issue of standing.

Real-estate developer Charles Breland, Jr. voluntarily filed for Chapter 11 bankruptcy. When the bankruptcy court later determined that he was transferring assets and defrauding his creditors, it removed him as the debtor-in-possession and appointed a trustee to administer the estate. Breland protested that the trustee's appointment violated his Thirteenth Amendment right to be free from "involuntary servitude"—because, he said, under the trustee's direction, all of his post-petition earnings would be put into the bankruptcy estate for the benefit of his creditors. The bankruptcy court dismissed Breland's Thirteenth Amendment claim as unripe, and, on review, the district court similarly held that Breland couldn't show an injury-in-fact sufficient to confer Article III standing.

We disagree.  We hold that Breland's loss of authority and control over his estate, which he suffered as a result of his removal as the debtor-in-possession, constitutes an Article III-qualifying injury-in-fact that is both traceable to the bankruptcy court's appointment of the trustee and redressable by an order vacating that appointment—and, accordingly, that Breland has standing to pursue his Thirteenth Amendment claim.  We leave it to the district court on remand to consider the merits—and demerits—of Breland's arguments.

# I

The facts of this case are undisputed, and are largely irrelevant to the central issue presented on appeal in any event, so we'll summarize them only briefly.

Real estate developer Charles Breland, Jr., voluntarily filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Alabama.  Upon filing, Breland became the debtor-in-possession of his bankruptcy estate, meaning that he owed a fiduciary duty to his creditors to act in the estate's best interest.  *See* 11 U.S.C. § 1106, 1107(a).  Alleging that Breland had failed to do that, his creditors asked the bankruptcy court to appoint a trustee.  After finding that Breland had been transferring assets in and out of the estate and defrauding creditors, the bankruptcy court appointed a trustee, deposing Breland as the debtor-in-possession.

Breland objected to the bankruptcy court's appointment of a trustee. He contended, in particular, that the trustee's appointment violated his Thirteenth Amendment right to be free from "involuntary servitude"—because, he asserted, under the trustee's stewardship, all of his earnings would be placed into the bankruptcy estate and thus out of his control, and that he would lose his right to move to dismiss his Chapter 11 bankruptcy case or to convert it to a proceeding under a different chapter. The bankruptcy court dismissed Breland's Thirteenth Amendment claim as unripe on the ground that it hadn't yet imposed a plan of reorganization that would require him to work for the benefit of the estate and his creditors. On appeal to the district court, Breland renewed his Thirteenth Amendment claim. The district court also dismissed the claim, but on the ground that Breland hadn't suffered an injury-in-fact sufficient to confer Article III standing. The district court thus affirmed the bankruptcy court's original orders appointing a trustee and dismissing Breland's Thirteenth Amendment claim.

This is Breland's appeal.[1]

---

[1] We review the bankruptcy and district courts' decisions of law de novo. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990). District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy courts, 28 U.S.C. § 158(a)(1), and we can hear appeals from "final decisions, judgments, orders, and decrees" entered under § 158(a)(1), *id.* § 158(d)(1). The appointment or removal of a bankruptcy trustee is a final order appealable to this Court. *In re Walker*, 515 F.3d 1204, 1211 (11th Cir. 2008).

## II

Both the bankruptcy court and the district court held that Breland's Thirteenth Amendment claim was nonjusticiable in the absence of a reorganization plan requiring Breland to work and devote his income to paying off his creditors—the bankruptcy court because the claim wasn't ripe, and the district court because Breland had suffered no injury-in-fact. Whatever the merits of Breland's Thirteenth Amendment challenge—and we are skeptical—we hold that the appointment of the trustee sufficiently diminished Breland's ability to control the assets in his own bankruptcy estate to satisfy Article III's standing requirements.

Existing standing doctrine requires a plaintiff to demonstrate (1) an actual (or imminent), concrete, and particularized injury-in-fact (2) that is fairly traceable to the defendant's challenged action and (3) that is likely redressable by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000). Here, the bankruptcy court's decision to appoint a trustee removed Breland as the debtor-in-possession and accordingly deprived him of the statutory "[r]ights, powers, and duties" attendant to that status. 11 U.S.C. § 1107. The resulting loss of authority and control over his bankruptcy estate is sufficient injury to confer Article III standing.

Before the appointment of a trustee—*i.e.*, while he remained the debtor-in-possession—Breland could, even without the bankruptcy court's approval, hire

5

professionals whose work is "necessary in the operation" of his business, *id*. § 327(b); use, sell, or lease the property of the estate in the ordinary course of business, *id*. § 363(c)(1); and obtain unsecured credit in the ordinary course of business, *id*. § 364(a). Likewise, before the trustee's appointment, Breland could do any of the following, so long as he obtained the bankruptcy court's approval: hire professionals to assist in the reorganization, *id*. § 327(a); use, sell, or lease estate property or obtain unsecured credit outside the ordinary course of business, *id*. §§ 363(b)(1), 364(b); accept and reject executory contracts and unexpired leases to which he was a party, *id*. § 365(a); and bring most avoidance actions on his own behalf, *id*. § 544, 548.

When the bankruptcy court appointed a trustee, and thereby deposed Breland as the debtor-in-possession, it stripped him of the ability to do—or to seek permission to do—any of those things. The consequent loss of authority over his estate constitutes an Article III-qualifying injury-in-fact. And to round out the standing analysis, Breland's injury is "fairly traceable" to the appointment of the trustee, and it is "redress[able]," in the sense that an order removing the trustee would have the effect of restoring him to debtor-in-possession status, with all its attendant rights and responsibilities. *Friends of the Earth*, 528 U.S. at 180–81.

We thus hold that Breland has Article III standing to pursue his Thirteenth Amendment challenge.[2]

### III

It's oh-so tempting to forge ahead and address the merits of Breland's Thirteenth Amendment claim, but our hands are tied. It's true, of course, that we can affirm a district court's judgment based on any ground supported by the record. *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012). But when the district court here held that Breland lacked standing to sue, it dismissed his claim for lack of subject-matter jurisdiction—and thus *without* prejudice. *See Stalley ex rel. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."). Were we to range beyond the jurisdictional issue here and reject Breland's claim on the merits, we would, in effect, be directing a dismissal *with* prejudice—and thereby altering the district court's judgment. That, we cannot do. *See United States v. American Ry. Exp. Co.*, 265 U.S. 425, 435 (1924) ("[T]he appellee may not attack the decree

---

[2] To be clear, it's no answer to say that Breland voluntarily entered Chapter 11 bankruptcy—and thus, the story goes, brought his injury upon himself. That argument proves too much. Taken to its logical extension, it would mean that every debtor who voluntarily enters bankruptcy thereby forfeits the ability to challenge or defend against any future injury that he might suffer at the bankruptcy court's hands. Experience and common sense demonstrate the contrary. *See, e.g.*, *In re Woodlawn Cmty. Dev. Corp.*, 613 B.R. 671 (N.D. Ill. 2020); *In re Elijamal*, No. 17-cv-07870, 2018 WL 4735719 (S.D.N.Y. Sept. 18, 2018).

with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below."); 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3904 (2d ed. 2020) ("[A]n appellee cannot, without cross-appeal, seek . . . to convert a dismissal without prejudice into a dismissal with prejudice."). Accordingly, we reverse the dismissal for lack of standing and remand Breland's case to the district court for a decision on the merits of his Thirteenth Amendment claim.

      **REVERSED** and **REMANDED**.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 10, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-14321-HH
Case Style: Charles Breland, Jr. v. USA
District Court Docket No: 1:17-cv-00312-JB-B
Secondary Case Number: 1:16-bk-02272-JCO

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellees.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Christopher Bergquist, HH at 404-335-6169.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs